**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION AND EMPLOYERS CALUMET REGION INSURANCE FUND, and TRUSTEES STEVEN M. POWELL, BILL O'KEEFE, ANTHONY MALITO, DEREK KINNEY, JEFFERY STRACK, SAM VAN TIL, <br><br> Plaintiffs, <br><br> v. <br><br> LAKE COUNTY NURSING AND REHABILITATION CENTER, LLC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. |

**COMPLAINT**

NOW COME Plaintiffs, United Food and Commercial Workers Unions and Employers Calumet Region Insurance Fund ("Calumet Fund"), and Trustees, Steven M. Powell, Bill O'Keefe, Anthony Malito, Jeffery Strack, Sam Van Till, Derek Kinney ("Trustees") (collectively, "Plaintiffs"), and for a cause of action against Lake County Nursing and Rehabilitation Center, LLC. ("Lake County" or "Defendant") allege as follows:

**INTRODUCTION**

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. §§ 1001 *et seq.,* and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. The Calumet Fund seeks a money judgment awarding delinquent contributions, interest, liquidated damages, and attorneys' fees and costs as a result of Defendant's failure to pay contributions required by a collective bargaining agreement ("CBA"). (A true and correct copy of the CBA is attached hereto as Exhibit A).

**JURISDITION AND VENUE**

2.      Jurisdiction is conferred on this court by ERISA Sections 502(a)(3), (e)(l) and (f), and 430l(c), 29 U.S.C. §§ 1132(a)(3), (e)(l) and (f), and 1451(c), and by the provisions of 28 U.S.C. § 1331, relating to any civil action or proceeding arising under the laws of the United States.

3.      Venue is proper in this court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the Calumet Fund is administered in this judicial district at 18861 90th Ave, Suite A, Mokena, IL 60448.

**PARTIES**

4.      The Calumet Fund is established and operates pursuant to an Agreement and Declaration of Trust ("Trust Agreement") for the purpose of providing health insurance for employees. (A copy of the Trust Agreement is attached hereto as Exhibit B). The Calumet Fund is a multi-employer benefits fund within the meaning of ERISA 29 U.S.C. §1001 et seq.

5.      The Trustees of the Calumet Fund are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are also the plan sponsor within the meaning of ERISA § 3(16), and have authorized this lawsuit.

6.      Pursuant to Sections 502(a)(3) and 4301(a)(l) of ERISA, 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1451, and 29 U.S.C. § 185, the Calumet Fund is authorized to bring this action on behalf of the insurance plan, its participants and its beneficiaries.

7.      Lake County, is an Indiana corporation that does business at 2201 Main Street, Evanston, IL 60202. Lake County, at all times material, has been an employer within the meaning of 29 U.S.C. 152(2), and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce within the meanings of Section 3(11) and (12) of ERISA, 29

U.S.C. § 1002(11) and (12).

## COUNT I

8. The Calumet Fund realleges and incorporates the above paragraphs as if fully set forth herein.

9. Pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(g), the CBA and the Trust Agreement, Plaintiffs are empowered to take all necessary action to recover contributions due, together with interest, liquidated damages, reasonable attorneys' fees and costs.

10. Article IV of the Trust Agreement requires the payment of damages by Lake County for each month a delinquency exists. Such damages have been established at 10% of the amount of contributions due for the first month of the delinquency and in addition thereto, 1 ½ for each additional month such delinquency remains outstanding. Article IV also provides that liquidated damages shall be separately calculated for each separate month on the same basis as the first month and the total liquidated damages for all delinquent contributions shall be cumulative and arrived at by adding the total of the liquidates damages calculated separately for each month of delinquent contributions, and that the Employer shall be liable for the cost of filing suit and reasonable attorneys' fees.

11. The Calumet Fund is a third-party beneficiary to the CBA because it is designated by the CBA to receive contributions to be used to provide benefits for employees covered by the CBA.

12. Plaintiffs have performed all conditions required to be performed pursuant to the terms of the CBA and the Trust Agreement.

13. Article XVI of the CBA requires Lake County to make monthly contributions to the Calumet Fund for covered employees. Additionally, Article XVI reserves to the Trustees'

discretion the right to solely increase contribution rates "in order to maintain the Fund's level of reserves and to fund the existing level of benefits."

14. Beginning on December 1, 2016, the contribution rate for Lake County increased from $378.00 per month to $404.00. Thereafter, Lake County failed or refused to pay the increased rate from December 2016 through December 2018, but continued to make monthly contributions of $378.00 for that time period.

15. By letter dated January 9, 2020, the Calumet Fund demanded that Lake County pay the difference between the pre-December 2016 rate and the increased post-December 2016 rates, in addition to interest and liquidated damages. (A true and Correct Copy of the January 9, 2020 letter is attached hereto as Exhibit C).

16. To date, Lake County has failed or refused to pay the delinquent contributions for the months of December 2016 through December 2018, and owes the Calumet Fund $24,778.00 in delinquent contributions, and $3,387.90 and $11,897.65 in interest and liquidated damages, respectively.

17. By failing to pay the required monthly contributions, Defendant has violated Section 515 of ERISA, 29 U.S.C. § 1145, Section 302 of the LMRA, 29 U.S.C. § 185, and the Trust Agreement.

18. Pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, the LMRA, and the Trust Agreement, Defendant is liable to the Calumet Fund for $40,063.55 in delinquent contributions, interest and liquidated damages, together with the Calumet Fund's reasonable attorneys' fees and costs incurred by the Fund in pursuing the delinquent amounts.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court:

A. Enter and Order requiring Defendant to specifically perform under the terms of the CBA and Trust Agreement, by paying the Calumet Fund the unpaid principal owed on all delinquent contributions;

B. Enter an Order requiring Defendant to pay the Calumet Fund interest and liquidated damages on all delinquent contributions, together with Plaintiffs' attorneys' fees and costs; and

C. For such other relief as this Court deems just and equitable.

DATED: 3/17/2020

                                          Respectfully submitted,

                                          /s/ Joseph C. Torres
                                          Joseph C. Torres
                                          Attorney for Plaintiffs

THE KARMEL LAW FIRM
221 North LaSalle Street, Suite 1550
Chicago, IL 60601
(312) 641-2910
joe@karmellawfirm.com